IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 625 3RD STREET ASSOCIATES, LP, a California limited partnership,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLIANT CREDIT UNION, an Illinois corporation, STANLEY ABRAMS, an individual, and DOES 1 through 15, inclusive,<br><br>　　　　Defendants.　　　　　　／ | No. C 09-00564 WHA<br><br>**ORDER DENYING REMAND MOTION** |

**INTRODUCTION**

Plaintiff brought this action in Alameda County Superior Court alleging a range of state claims in dispute over a commercial lease agreement. Defendants removed the action to federal court on the basis of federal-question jurisdiction, fraudulent joinder to defeat diversity jurisdiction and other grounds. Plaintiff now moves to remand the case to state court. For the reasons stated below, plaintiff's motion to remand is **DENIED**.

**STATEMENT**

This lawsuit pertains to a fifteen-year lease of commercial office space. According to the complaint, plaintiff 625 3rd Street Associates, a California limited partnership, purchased the office property from the (now-defunct) Kaiperm Federal Credit Union through a "purchase-and-lease back" transaction. Plaintiff bought the property from Kaiperm for eight million

dollars and concurrently entered a lease agreement to lease the property back to Kaiperm for fifteen years. The transaction closed in August 2007.

Kaiperm initially met its lease obligations, but by May 2008 Kaiperm was experiencing financial difficulties. On May 15, a Kaiperm attorney contacted plaintiff to indicate that Kaiperm would be merging with Alliant Credit Union. Plaintiff was told that Alliant wished to "cut a deal" regarding the lease — that is, to negotiate a buy-out to get out from under the lease obligation. In early June 2008, plaintiff was told by Alliant representatives and counsel that all of plaintiff's dealings with Kaiperm thereafter, including with respect to the lease agreement, should be conducted through Alliant. Kaiperm's board of directors, plaintiff alleges, had delegated its oversight responsibilities to Alliant. Plaintiff further alleges that Alliant abandoned a plan that would have assured Kaiperm's long-term stability and instead undertook to effectuate Kaiperm's insolvency for its own benefit. Plaintiff alleges that Kaiperm proceeded to involve itself in Kaiperm's affairs and integrate the two entities assets and operations such that a "*de facto* merger" occurred between Alliant and Kaiperm.

In June and July 2008, Alliant submitted various proposals to buy out the balance of the lease, the last of which was an offer of one million dollars that plaintiff deemed inadequate. Plaintiff alleges that Alliant then devised an alternate plan to extricate itself from the lease obligations. The National Credit Union Administration was Alliant's federal regulator (Alliant was an Illinois credit union but was federally insured). According to the complaint, Alliant told NCUA that it would decline to be Kaiperm's merger partner unless NCUA placed Kaiperm in liquidation and transferred all of Kaiperm's assets to Alliant except the lease.

On September 26, 2008, NCUA placed Kaiperm in involuntary liquidation and executed a Purchase and Assumption Agreement by which Alliant was given all of Kaiperm's assets and liabilities except for the lease. The lease was not transferred to Alliant. Instead, NCUA notified plaintiff of its intent to repudiate the lease agreement by letter of October 17, 2008, and on October 23 NCUA sent plaintiff a letter formally repudiating the lease.

Plaintiff filed this lawsuit in October 2008 in Alameda County Superior Court against Alliant Credit Union and Stanley Abrams, who was Kaiperm's chief executive officer. The

complaint asserts ten claims, including claims for breach of the lease and business torts.[1] On February 6, 2009, defendant Alliant filed a notice of removal of the action to federal court. The notice stated that "[d]efendant Stanley Abrams consent[ed] to this removal," but Abrams did not sign the notice nor initially file any consent or joinder thereto. Abrams now indicates that his counsel had communicated his consent privately (although not on the record) to Alliant and plaintiff in a February 6 email. On February 12, however, Abrams indicated in a stipulation signed by all counsel and filed for another purpose that "[d]efendants intend to oppose any . . . remand motion" (Dkt. No. 10). Finally, on March 2, Abrams filed a declaration clearly consenting to removal. Plaintiff now moves to remand the case to state court.

**ANALYSIS**

Alliant removed this action to federal court on several grounds. The notice of removal asserted federal-question jurisdiction, diversity jurisdiction based on a theory that defendant Abrams is a "sham" defendant, and removal for cases in which federal officers or agencies are sued or prosecuted. *See* 28 U.S.C. 1441(b), 1442. Plaintiff moves for remand arguing that (1) defendant Abrams' failure timely to consent to removal requires remand; (2) there is no federal-question jurisdiction because none of the claims "arise under" federal law; (3) defendant Abrams is not a "sham" defendant and thus diversity of citizenship is imperfect; and (4) removal under Section 1442 was improper.

1. **UNANIMITY REQUIREMENT**.

Plaintiff first asserts a procedural defect in the removal. 28 U.S.C. § 1446(b) states that "the notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." Implicit in this mandate is a requirement that all defendants must join the removal petition. The removing party has the burden to explain affirmatively the absence of any co-defendants in the notice of removal. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266–67 (9th Cir. 1999).

---

[1] The ten counts are as follows: (1) interference with contractual relations, (2) inducement to breach contract, (3) interference with prospective economic advantage, (4) intentional misrepresentation, (5) fraudulent concealment, (6) rescission, (7) breach of lease, (8) breach of contractual warranties, (9) breach of the covenant of good faith and fair dealing, and (10) bad faith denial of existence of contract.

3

Defendant Alliant was served on January 9, 2009. Defendant Abrams was served on January 24, 2009. Alliant filed its notice of removal on February 6, 2009. As explained, the removal notice stated that "[d]efendant Stanley Abrams consents to this removal," but Abrams did not sign nor formally join the notice. The record indicates that on February 6, the same day that the notice was filed, Abrams' counsel privately communicated Abrams' consent to join the removal by email to both plaintiff and Alliant, but no such consent was filed with the Court at that time. On February 12, however, Abrams' counsel signed a stipulation (filed for another purpose) that stated "defendants intend to oppose any [remand motion]" (Bishop Decl. ¶¶ 5–7). On March 2, Abrams' counsel filed a formal declaration indicating that Abrams joined the removal.

Courts disagree regarding whether all defendants must join or consent to the removal within thirty days of the date of service of the *first-served* defendant or the *last-served* defendant. *See United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 763 n.4 (9th Cir. 2002) (recognizing but declining to resolve the dispute). The recent trend, both among district courts in this circuit and among the appellate courts most recently to have decided the issue, is to follow the last-served rule.[2] This order adopts the last-served rule.

Although the February 6 email in which counsel *privately* expressed Abrams' consent may not alone have sufficed, on February 12 (within thirty days of service of the last-served defendant) Abrams confirmed that consent on the record by stating that he intended to oppose any remand motion. Abrams has consistently expressed a desire for this case to be in federal court. This order finds that defendant Abrams adequately joined or consented to the removal within thirty days of service of the last-served defendant.

**2.   FEDERAL-QUESTION JURISDICTION**.

Section 1441(b) provides that: "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the

---

[2] *See, e.g.*, *Fortenbaugh v. Geostar Corp.*, 2008 WL 4857931, *2 (N.D. Cal. 2008); *Drew v. Equifax Information Services*, 2007 WL 1321728, *1 n.1 (N.D. Cal. 2007); *Morgan v. Asbestos Defendants* (BHC), 2003 WL 945987 (N.D. Cal. 2003).

4

parties." This provision allows for removal of cases over which federal courts have federal-question jurisdiction. A federal question arises not only if "law that creates the cause of action" is federal law, but also if "the state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

Plaintiff's claims necessarily raise substantial and disputed federal issues. This case is inexorably tied up with NCUA's regulatory powers and the actions NCUA took with respect to Kaiperm's liquidation. On September 26, 2008, NCUA placed Kaiperm in involuntary liquidation and executed the PPA whereby most of Kaiperm's assets and obligations were transferred to Alliant. On October 23, 2008, NCUA sent plaintiff a letter formally repudiating Kaiperm's lease with plaintiff. Plaintiff now seeks recovery from *Alliant* based on a spectrum of claims that, although created by state law, necessarily will require resolving the effect of these NCUA actions.

Under federal law, the NCUA liquidating agent repudiated the lease in question. Plaintiff's suit on the lease itself will necessarily require resolution of the effect of that repudiation. The entire lawsuit pretends that the federal takeover and liquidation of Kaiperm never happened and that the lease was transferred to Alliant by state law. The current record, however, shows that it was not transferred to Alliant, but rather that the lease stayed with Kaiperm and that the NCUA liquidating agent repudiated its ongoing effect under its federal supervisory powers. The issue of Alliant's liability therefore cannot be resolved without resolving the threshold question of whether the lease was repudiated under federal law. This is not a federal defense but rather an essential aspect of the claims.

It is true that plaintiff has artfully pled that before the repudiation, a *de facto* merger occurred between Alliant and Kaiperm. This is an allegation. The current factual record suggests to the contrary, but even if it is ultimately found that Alliant assumed obligations under the lease before the repudiation occurred, the fact remains that a substantial and necessary issue to be resolved is whether or not the lease was extinguished under federal law. This is not just a

defense but rather is likely to be an unavoidable aspect of the claims. This order finds that this case involves substantial, disputed issues of federal law.[3]

## CONCLUSION

For the above-stated reasons, plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 28, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[3] Defendants also removed this action on the basis of diversity jurisdiction arguing that defendant Abrams is a "sham" defendant who was fraudulently joined solely for the purpose of defeating diversity. If Abrams is a "sham" defendant, any technical violation of the rule of unanimity would also become irrelevant. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762–63 (9th Cir. 2002). This order need not reach the fraudulent joinder issue because it has found that the case is properly in federal court for different reasons. Similarly, this order need not reach defendants' alternate contention that removal was proper under 28 U.S.C. 1442(a)(2).