1  Andrew R. Wiener, Esq. (SBN 115254)
   LAW OFFICE OF ANDREW R. WIENER
2  58 Maiden Lane, 2nd Floor
   San Francisco, CA 94108
3  Telephone: (415) 365-4002
   Facsimile: (415) 391-0555
4
   Co-counsel for Plaintiff, 625 3rd Street Associates LP,
5  a California limited partnership

6

7

8            SUPERIOR COURT OF CALIFORNIA – UNLIMITED JURISDICTION
9
             IN AND FOR ALAMEDA COUNTY – NORTHERN DISTRICT
10

11
   625 3RD STREET ASSOCIATES, LP, a            )   **Case No. 09-00564 WHA**
12 California limited partnership,              )
                                                )   **ORDER**
13              Plaintiff,                       )
                                                )
14                                               )
       v.                                       )
15                                               )
   ALLIANT CREDIT UNION, An Illinois            )
16 corporation, STANLEY ABRAMS, an             )
   individual, and DOES 1 through 15, inclusive,)
17                                               )
                Defendants.                      )
18 _____         )

19

20       Pursuant to (1) this Court's August 10, 2009 Order setting Hearing For Plaintiff's Discovery

21 Dispute, and (2) this Court's August 12, 2009 Order setting a Status Conference, all parties' respective

22 counsel appeared before this Court at 10:30 a.m. on August 17, 2009.

23       The parties having met and conferred regarding the discovery matters brought before the

24 Court, and the Court having conducted a Status Conference, this Court orders, as follows:

25       1.      Plaintiff agrees not to pursue an Order deeming Defendant Alliant Credit Union to have

26 waived any and all objections and/or privileges with respect to the documents sought by Plaintiff's

27 FRCP Rule 34 Requests served by mail on said Defendant on June 4, 2009, provided that, by the

28 indicated time, Plaintiff receives from Defendant Alliant Credit Union:

                                          -1-

A.    By 5:00 pm, August 17, 2009: E-mail files of Rudy Pereira;

B.    By 5:00 pm, August 21, 2009: All remaining non-privileged responsive documents in possession of Alliant personnel concerning the Kaiperm transaction, including hard-copies of e-mails;

C.    By 5:00 pm, August 21, 2009: A complete index (the contents of each box described with reasonable particularity) of the boxes of documents stored in Alliant's off-site facility, both in electronic and hard-copy form;

D.    By 5:00 pm, September 4, 2009: Further responses to Plaintiff's Rule 34 Requests that contain the statements and information required by Rule 34 and this Court's Supplemental Order, including, but not limited to: (a) an affirmative statement that all documents have been produced and/or are available for inspection, (b) an affirmative statement that a diligent search of all locations had been completed, specifying the places searched and the persons(s) conducting the search, and their respective search responsibilities;

E.    By 5:00 pm, September 4, 2009: A complete privilege log containing all information required by Rule 34 and/or this Court's Supplemental Order; and

F.    The depositions of Rudy Pereira and Alliant's PMK go forward as noticed on September 9 and 10, 2009.

2.    At Plaintiff's cost, Plaintiff will affix electronic labels on those documents produced by Alliant (as Disk No. 2) that did not bear any unique numeric labels. In exchange, Alliant will bear the previously incurred costs of the retrieval and copying of its documents for production to Plaintiff.

3.    After having heard the positions and objections of the parties, this Court orders that Plaintiff shall be entitled to take a total of seventeen depositions, ten of which may be  full-day depositions, and seven of which may be half-day depositions. A half-day deposition is defined as a three-hour session with one fifteen minute break, i.e., two-hours and forty-five minutes of examination time. Plaintiff must designate in advance which depositions will be a full day depositions and which depositions will be half-day depositions.

///

4.   By agreement of the parties an by leave of court for good cause shown, the Scheduling Order is hereby modified, as follows: The date by which Plaintiff may seek leave to amend the Complaint to add and/or modify any causes of action against Alliant Credit Union is extended 11 days, up to and including September 14, 2009.

5.   Subsequent to the Status Conference before the Court, the parties agreed to stipulate that the date by which Alliant may seek leave to add any new parties or make pleading amendments is also extended 11 days, up to and including September 14, 2009, with the exception that any new claims against defendant Abrams must still be brought by September 3, 2009.

Dated: _____, 2009

By: _____
                                    Hon. William H. Alsup

APPROVED AS TO FORM:

JENNER & BLOCK

_____
Chad Bell, Esq.
Attorney For Alliant Credit Union

MATHENY SEARS, ET. AL.

_____
N. Kate Jeffries, Attorney at law
Attorney for Stanley Abrams

LAW OFFICE OF ANDREW R. WIENER

_____
Andrew R. Wiener, Esq.
Attorney for 625 3rd Street Associates LP

-3-

ORDER

1    4.    By agreement of the parties an by leave of court for good cause shown, the Scheduling

2    Order is hereby modified, as follows: The date by which Plaintiff may seek leave to amend the

3    Complaint to add and/or modify any causes of action against Alliant Credit Union is extended 11 days,

4    up to and including September 14, 2009.

5    5.    Subsequent to the Status Conference before the Court, the parties agreed to stipulate

6    that the date by which Alliant may seek leave to add any new parties or make pleading amendments

7    is also extended 11 days, up to and including September 14, 2009, with the exception that any new

8    claims against defendant Abrams must still be brought by September 3, 2009.

9    Dated: _____, 2009

10                                                    By: _____

                                                          Hon. William H. Alsup

11

12   APPROVED AS TO FORM:

13

14   JENNER & BLOCK

15

16   _____
     Chad Bell, Esq.

17   Attorney For Alliant Credit Union

18   MATHENY SEARS, ET. AL.

19

20

21   _____
     N. Kate Jeffries, Attorney at law

22   Attorney for Stanley Abrams

23

24   LAW OFFICE OF ANDREW R. WIENER

25

26   _____
     Andrew R. Wiener, Esq.

27   Attorney for 625 3rd Street Associates LP

28

                                            -3-

                                          ORDER

1    4.    By agreement of the parties an by leave of court for good cause shown, the Scheduling

2 Order is hereby modified, as follows: The date by which Plaintiff may seek leave to amend the

3 Complaint to add and/or modify any causes of action against Alliant Credit Union is extended 11 days,

4 up to and including September 14, 2009.

5    5.    Subsequent to the Status Conference before the Court, the parties agreed to stipulate

6 that the date by which Alliant may seek leave to add any new parties or make pleading amendments

7 is also extended 11 days, up to and including September 14, 2009, with the exception that any new

8 claims against defendant Abrams must still be brought by September 3, 2009.

9 Dated: ___ September 11 ___, 2009

10                                                        Hon. William H. Alsup

11

12 APPROVED AS TO FORM:

13

14 JENNER & BLOCK

15

16 _____
   Chad Bell, Esq.

17 Attorney For Alliant Credit Union

18 MATHENY SEARS, ET. AL.

19

20

21 _____
   N. Kate Jeffries, Attorney at law

22 Attorney for Stanley Abrams

23

24 LAW OFFICE OF ANDREW R. WIENER

25

26 _____
   Andrew R. Wiener, Esq.

27 Attorney for 625 3rd Street Associates LP

28

UNITED STATES DISTRICT COURT

IT IS SO ORDERED

Judge William Alsup

NORTHERN DISTRICT OF CALIFORNIA

-3-