1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT

7                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   625 3RD STREET ASSOCIATES, L.P., a California
     limited partnership,
11                                                        No. C 09-00564 WHA
             Plaintiff,                                   No. C 09-03820 WHA
12
13     v.

14   BOARD OF THE NATIONAL CREDIT UNION                  **ORDER REGARDING**
     ADMINISTRATION, in its capacity as liquidating      **MOTIONS IN LIMINE**
15   agent for the Kaiperm Federal Credit Union,
     KAIPERM FEDERAL CREDIT UNION, a federal
16   credit union, ALLIANT CREDIT UNION, an Illinois
     corporation, and STANLEY ABRAMS, an individual,
17
             Defendants.
18   _____/

19           The pretrial conference in this action was heard on September 16, 2010.  In advance of

20   that conference, plaintiff submitted nine motions *in limine* and defendants submitted seven.  As

21   stated at the pretrial conference, any denial below does not mean that the evidence at issue in the

22   motion is admitted into evidence — it must still be moved into evidence, subject to other

23   objections, at trial.  And, a grant of a motion *in limine* does not exclude the evidence under any

24   and all circumstances; the beneficiary of a grant may open the door to the disputed evidence, for

25   example.

26   **PLAINTIFF'S MOTION IN LIMINE NO. 1**

27           Plaintiff moved *in limine* to exclude certain testimony of defendant Stanley Abrams.  At

28   the pretrial conference, plaintiff withdrew this motion, so it is **DENIED AS MOOT**.

**United States District Court**
For the Northern District of California

**PLAINTIFF'S MOTION IN LIMINE NO. 2**

Plaintiff moved *in limine* to exclude testimony of defense expert Hernan Santos.  This motion is **DENIED WITHOUT PREJUDICE**.  The parties did not provide the report of the expert in question.  Plaintiff may renew its motion after expert voir dire.  Issues raised in this motion can alternatively be raised on cross-examination and related to jury instructions at the charging conference.

**PLAINTIFF'S MOTION IN LIMINE NO. 3**

Plaintiff moved *in limine* to exclude testimony of defense expert Albert Nagy.  This motion is **DENIED**.  Plaintiff's evidence does not support its argument that Nagy does not have sufficient knowledge or experience in the context of sale-leaseback transactions.  Plaintiff's evidence also does not support its argument that his opinions are so based on the work of others that they are not reliable.  Nagy may help the jury understand industry customs and practices associated with sale-leasebacks of office property with a long-term, single-tenant lease.  Issues raised in this motion can more properly be raised on cross-examination.

**PLAINTIFF'S MOTION IN LIMINE NO. 4**

Plaintiff moved *in limine* to exclude certain testimony of defense expert James Likens.  For reasons stated at the pretrial conference, this motion is **DENIED**.

**PLAINTIFF'S MOTION IN LIMINE NO. 5**

Plaintiff moved *in limine* to exclude evidence that plaintiff was negligent in the performance of its financial due diligence of Kaiperm.  For reasons stated at the pretrial conference, this motion is **DENIED**.  Issues raised in this motion can be raised related to jury instructions at the charging conference.

**PLAINTIFF'S MOTION IN LIMINE NO. 6**

Plaintiff moved *in limine* to exclude evidence of or reference to plaintiff's settlement or settlement negotiations with Alliant Credit Union.  This motion is **GRANTED IN PART AND DENIED IN PART** to this extent: All evidence of the settlement negotiations is excluded under Federal Rule of Evidence 408 and on the further ground that the duty to mitigate does not include the duty to settle for more with a co-defendant.  Defendants do not supply authority to the

United States District Court

For the Northern District of California

contrary.  In the event that plaintiff is entitled to damages, the amount of the settlement with Alliant can be deducted from the verdict(s) and judgment entered for the reduced amount.  This approach has been agreed to by both sides.

**PLAINTIFF'S MOTION IN LIMINE NO. 7**

Plaintiff moved *in limine* to exclude evidence of or reference to plaintiff's post-close of escrow communications between and amongst its partners and representatives.  For reasons stated at the pretrial conference regarding plaintiff's motion *in limine* 4, this motion is **DENIED**.

**PLAINTIFF'S MOTION IN LIMINE NO. 8**

Plaintiff moved *in limine* to exclude testimony of defense expert John Callan.  This motion is **DENIED**, for the reasons stated regarding plaintiff's motion *in limine* 5.  Plaintiff has not presented evidence that Callan is not qualified or his methods not reliable.  Issues raised in this motion can more properly be raised on cross-examination.

**PLAINTIFF'S MOTION IN LIMINE NO. 9**

Plaintiff moved *in limine* to exclude evidence related to a "banking privilege" or "regulatory privilege" as a defense.  For reasons stated at the pretrial conference, this motion is **DENIED**.

**DEFENDANT NCUA'S MOTION IN LIMINE NO. 1**

Defendant NCUA moved *in limine* to exclude NCUA examination reports, evidence of "CAMEL" ratings, documents of resolution, evidence of Kaiperm's assignment to "special action," and evidence of appointment of a "problem case officer."  For reasons stated at the pretrial conference, this motion is **DENIED**.

**DEFENDANT NCUA'S MOTION IN LIMINE NO. 2**

Defendant NCUA moved *in limine* to exclude Bruce Lum's monthly diaries (deposition exhibits 110 and 116).  For reasons stated at the pretrial conference, this motion is **DENIED**.

**DEFENDANT NCUA'S MOTION IN LIMINE NO. 3**

Defendant NCUA moved *in limine* to exclude evidence relating to the NCUA as a guarantor of the transaction at issue, references to the National Share Insurance Fund, and evidence relating to any claim for punitive damages against the Liquidating Agent.  This motion

is **GRANTED** to this extent: It was made clear at the pretrial conference that plaintiff cannot pursue a theory that it had a right to get NCUA's approval of the transaction for *plaintiff's* benefit or protection; NCUA was not in the business of protecting plaintiff's interests. Evidence may be permitted on Kaiperm's representations of NCUA's approval or lack thereof of the transaction, but how the jury will be instructed thereon will await the charging conference. Plaintiff does not oppose the parts of the motion concerning the National Share Insurance Fund and punitive damages against the Liquidating Agent.

**DEFENDANT NCUA'S MOTION IN LIMINE NO. 4**

Defendant NCUA moved *in limine* to exclude evidence of breach of section 13 of the lease agreement because plaintiff failed to exhaust its administrative remedies. For reasons stated at the pretrial conference, this motion is **DENIED**.

**DEFENDANT NCUA'S MOTION IN LIMINE NO. 5**

Defendant NCUA moved *in limine* to exclude evidence of communications with Kaiperm's former CFO, David Moore, after his employment at Kaiperm. This motion is **DENIED WITHOUT PREJUDICE**. The issues in the motion are not ripe. Defendant states, "Plaintiff can stand on its claim of privilege *or* avoid interjecting their communications with Moore after January, 2008 into this trial." There is no issue for decision at this time. If the parties have objections as to specific documents related to plaintiff's counsel's communications with Mr. Moore on the basis of previously-asserted privilege — as defendants seem to signal they do — they can raise them if and when such documents are offered.

**DEFENDANT STANLEY ABRAMS'S MOTION IN LIMINE NO. 6**

Defendant Stanley Abrams moved *in limine* to exclude testimony of plaintiff's expert John Moulton or, in the alternative, to exclude testimony regarding certain topics. This motion is **DENIED**. Moulton's banking experience may help the jury understand Kaiperm's financial condition during the period of time at issue. Defendant's objections are points for cross-examination.

4

**DEFENDANT STANLEY ABRAMS'S MOTION IN LIMINE NO. 7**

Defendant Stanley Abrams moved *in limine* to exclude evidence regarding his receipt of a contractual severance payment.  This motion is **DENIED WITHOUT PREJUDICE** to a renewed motion concerning specific evidence at such time as it is offered by plaintiff.

**IT IS SO ORDERED.**

Dated:  September 17, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

5