IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| 625 3RD STREET ASSOCIATES, L.P., a California limited partnership,<br><br>    Plaintiff,<br><br>  v.<br><br>BOARD OF THE NATIONAL CREDIT UNION ADMINISTRATION, in its capacity as liquidating agent for the Kaiperm Federal Credit Union, KAIPERM FEDERAL CREDIT UNION, a federal credit union, and STANLEY ABRAMS, an individual,<br><br>    Defendants.<br>                                                                  / | No. C 09-00564 WHA<br>No. C 09-03820 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND PREJUDGMENT INTEREST; GRANTING PLAINTIFF COSTS UNDER FRCP 54; AND DENYING DEFENDANT NCUA'S MOTION FOR ATTORNEY'S FEES** |

Having won a fraud damages verdict, plaintiff moves for attorney's fees under the Equal Access to Justice Act and state law, for prejudgment interest, and for costs. A companion motion to amend the judgment to award rescission in lieu of damages is resolved by separate order. Defendant Board of the National Credit Union Administration in its capacity as liquidating agent for Kaiperm Federal Credit Union also moves for attorney's fees incurred in successfully defending against a breach of warranty claim.

After a jury trial, judgment was entered in favor of plaintiff jointly and severally in the amount of $630,000.00 against defendants NCUA and Stanley Abrams, for fraudulent misrepresentation and concealment. Judgment was entered in favor of defendants and against plaintiff on plaintiff's breach-of-warranty claim.

For reasons stated below, plaintiff's motion is **DENIED**, except that the Clerk shall tax its costs claimed under Federal Rule of Civil Procedure 54. Defendant NCUA's motion for attorney's fees is also **DENIED**.

### A.  PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, PREJUDGMENT INTEREST, AND COSTS

This motion is based on a number of arguments, now addressed in turn.

#### 1.  Equal Access to Justice Act

Plaintiff argues that it is entitled to attorney's fees under the Equal Access to Justice Act, specifically 28 U.S.C. 2412(d)(1)(A), which states:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

This provision specifically excludes "cases sounding in tort." This action was primarily a fraud action, which is obviously a case sounding in tort, and fraud was the only claim on which plaintiff prevailed. In its opening brief plaintiff states "fraud is but the basis for rescinding a contract . . . [so] the action sounds in contract" (Br. 19); the cited decisions do not support this amazing proposition. Plaintiff's counsel is good but not good enough to turn night into day.

*Cardwell v. Kurtz*, 765 F.2d 776 (9th Cir. 1985), is no help to plaintiff. The court therein considered whether plaintiffs were the prevailing party (which they were), as well as whether defendants had a substantial justification (which they did not). *Id.* at 781–82. The decision did not consider whether the action therein sounded in tort or something else, because it asserted fraud and thus obviously sounded in tort.

Accordingly, plaintiff is not entitled to attorney's fees under the Equal Access to Justice Act.

This order also finds, contrary to plaintiff's view, that "the position of the [NCUA] was substantially justified." Substantially justified means "justified in substance or in the main," or concerning a dispute over which "reasonable minds could differ." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

2

Despite plaintiff's characterization of the evidence at trial, and although it prevailed on its claim of liability for fraud, plaintiff's recovery fell far short of its claimed damages, and defendant NCUA was well justified in its position that Kaiperm did not commit fraud. Plaintiff is therefore not entitled to fees and costs on this ground as well.

Section 2412 also provides that, even if a plaintiff is not affirmatively entitled to attorney's fees, a court *may* award them in its discretion in addition to costs. 28 U.S.C. 2412(b). Still, Section 2412 only allows an award of fees "in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." That is not what we have here. Here, the NCUA was only sued *in its capacity as liquidating agent for Kaiperm Federal Credit Union*. The trial in no way concerned the propriety of the actions of the NCUA and solely concerned Kaiperm (and Mr. Abrams). Plaintiff's citations and further arguments are inapposite and cannot alter this fundamental obstacle.

**2.     The Contract and California Law**

Plaintiff next argues that it is entitled to attorney's fees under California Civil Code Section 1717, which states:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Plaintiff also cites decisions that reiterate generally principles relating to this section: "In an action to enforce the rescission of a written land sale agreement, containing a clause for attorney's fees which does not limit recovery of such fees to any particular form of action involving the contract, the prevailing party is entitled to an award of such fees." *Hastings v. Matlock*, 171 Cal. App. 3d 826, 841 (1985); *Leaf v. Phil Rauch, Inc.*, 47 Cal. App. 3d 371, 379 (1975) (actions seeking restitution after rescission "involve" the contract and thus entitle the prevailing party to attorney's fees provided under the contract).

Plaintiff prevailed only on its tort claims rather than its contract claim. In the tort context, "the question of whether to award attorneys' fees *turns on the language of the contractual attorneys' fee provision*," not on Section 1717. *Exxess Electronixx v. Heger Realty Corp.*, 64 Cal.

3

App. 4th 698, 708 (1998) (emphasis added). The contract in this case does not entitle plaintiff to attorney's fees. Section 9.5 of the contract states (emphasis added):

> If either party [] *fails to perform any of its obligations under this Agreement or if any dispute arises between the parties [] concerning the meaning or interpretation of any provision of this Agreement*, then the defaulting party or the party not prevailing in such dispute, as the case may be, shall pay any and all costs and expenses incurred by the other party on account of such default and/or enforcing or establishing its rights hereunder, including, without limitation, court costs and *reasonable attorneys' fees* and disbursements, reasonable costs and *attorneys' fees incurred in collecting any judgment or award resulting from such dispute*, if any. . . .

Plaintiff agrees its fraud claims did not involve a dispute concerning interpretation of the agreement (Br. 20). Plaintiff states, however, that it should prevail because, following its line of logic: (1) plaintiff's fraud claims were premised on defendants' failure to obtain NCUA approval of the agreement, (2) this approval was required by the agreement, so (3) plaintiff's claim was that defendants "fail[ed] to perform . . . its obligations under [the agreement]," and (4) plaintiff prevailed and it is entitled to attorney's fees.

Plaintiff's theory fails at Number One. Plaintiff's fraud claims were premised on a whole host of theories, only one of which was that defendants failed to obtain NCUA approval. Other theories were that defendants lied about Kaiperm's financial condition, management plans, and NCUA involvement at Kaiperm generally. On its face the notion that the claim on which plaintiff prevailed — fraud — was brought because plaintiff wanted to *enforce* the contract is patently inaccurate. We have no way to know which of plaintiff's many themes was accepted by the jury. The terms of the attorney's fee provision under the contract do not encompass plaintiff's fraud claims.

### 3. Prejudgment Interest

Plaintiff moves for prejudgment interest based on 12 U.S.C. 1787(i), which provides:

> In any proceeding related to any claim against an insured credit union's director, officer, employee, agent, attorney, accountant, appraiser, or any other party employed by or providing services to an insured credit union, recoverable damages determined to result from the improvident or otherwise improper use or investment of any insured credit union's assets shall include principal losses and appropriate interest.

4

The sale-and-leaseback of the credit union's office building in this case was not the type of investment contemplated by this provision. This provision was intended to protect depositors, not others simply buying property from the credit union.

Under state law, "damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a); *see In re Niles*, 106 F.3d 1456, 1463 (9th Cir. 1997) (finding an amount owing as determined by the bankruptcy court to be "a sum certain" and awarding prejudgment interest). Although it may be true that damages would have vested on the particular day of closing — August 31, 2007 — it is also true that there were absolutely not "damages certain." Plaintiff inexplicably argues that the amount of damages was "fixed" in 2007 (Br. 22 n.8). Plaintiff argues that identifying the code section that governed the calculation of damages, Section 3343, rendered "damages certain." Far from it. The primary dispute during trial concerned the calculation of damages and various figures were put into evidence. This was not a case of "damages certain."

For the first time in plaintiff's reply brief, it argues that even if prejudgment interest is not awarded under federal statutory law or state law as discussed above, it should be awarded pursuant to "federal equity jurisdiction." Plaintiff cites a decision from the Third Circuit that was abrogated by a Supreme Court decision in 1993. *See United States v. Texas*, 507 U.S. 529, 533 (1993) (holding that the Debt Collection Act did not disturb the federal common-law right of the federal government to collect prejudgment interest on debts owed to it by the states). Plaintiff cites no authority for a federal common law principle that would apply to warrant prejudgment interest *here*. Furthermore, a "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Accordingly, plaintiff's request for prejudgment interest on the jury award is **DENIED**.

### 4. Costs Under Federal Rule of Civil Procedure 54

Plaintiff submitted a bill of costs pursuant to Federal Rule of Civil Procedure 54, which allows costs "to the prevailing party." Plaintiff is the prevailing party in this action for purposes of costs. Defendants do not dispute plaintiff's entitlement to these costs or their amount (*see* Opp.

5

16 n.4). Accordingly, **THE CLERK SHALL TAX $34,049.08**, in favor of plaintiff 625 3rd Street Associates, L.P. and against defendants Stanley Abrams and Board of the National Credit Union Administration in its capacity as liquidating agent for Kaiperm Federal Credit Union.

**B.      DEFENDANT NCUA'S MOTION FOR ATTORNEY'S FEES**

Defendant NCUA, like plaintiff, moves for attorney's fees under California Civil Code Section 1717, which again states:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Furthermore, under Section 1717(b)(1), "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." NCUA argues that it is entitled to fees it incurred in order to prevail on plaintiff's breach of express warranties claim. It states that it is entitled to these fees despite its loss on plaintiff's fraud claims. Its premise is that under Section 1717, whether a party is a "prevailing party" is a separate consideration for contract and noncontract claims.

Plaintiff responds that "[t]he prevailing party in an action is the one who prevails on the majority of issues" (Opp. 2). Plaintiff cites federal law in support of this notion. Plaintiff is correct that this is the case under federal law, but California law applies to plaintiff's claims in this action, as the parties have acknowledged all along, and defendant NCUA is invoking Section 1717, a California law. In contrast to federal law, under California law, a party prevails for purposes of Section 1717 when "the judgment was a 'simple, unqualified win' for the [defendants] *on the only contract claim between them and the [plaintiffs]*." *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995) (citation omitted) (emphasis added). California courts accordingly disregard noncontract claims in determining the prevailing party on a contract claim under Section 1717. "If an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims." *Santisas v. Goodin*, 17 Cal. 4th 599, 615 (1998). Even if a plaintiff succeeds on a noncontract claim, a defendant is the "prevailing party" under Section 1717 if it defeated plaintiff's *contract* claim. *See Korech v. Hornwood*, 58 Cal.

6

App. 4th 1412, 1419–22 (1997). That is the case here. Defendant NCUA prevailed on the contract claim, so by a technical application of Section 1717 it would be entitled to attorney's fees.

Nevertheless, Section 1717 "consistently adheres to the theme of equity." *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1091 (2000). "[A] court 'abuses its discretion if it awards contractually-authorized attorney's fees under circumstances that make the award inequitable or unreasonable.'" *Anderson v. Melwani*, 179 F.3d 763, 766 (9th Cir. 1999) (citation omitted).

With these principles as guidance, this order holds that defendant NCUA is not entitled to attorney's fees for successfully defending against plaintiff's breach of warranties claim. *The jury found that Kaiperm was guilty of committing fraud during the formation of the contract at issue in this case.* Equity cannot sanction an award of fees in these circumstances. Therefore, defendant NCUA's motion for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 7, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE